(169 App. Div. 626)

## In re OSGOODBY.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. ATTORNEY AND CLIENT ⬨⟿44—GROUNDS FOR DISBARMENT—MISAPPROPRIATION OF FUNDS.

   Where respondent, during a long time, received moneys from his client, which were to be paid as alimony to his client's wife, but failed to pay them, and converted them to his own use, and upon discovery offered an improbable explanation, sufficient ground is shown for his disbarment.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⬨⟿44.]

2. ATTORNEY AND CLIENT ⬨⟿40—GROUNDS FOR DISBARMENT—ADMISSION FRAUDULENTLY PROCURED.

   Where respondent, at the time of his admission to the bar, concealed from examiners the fact that he had been convicted of a felony and had served a sentence therefor, and on discovery offered an improbable explanation of such conduct, sufficient cause is shown for his disbarment.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 58; Dec. Dig. ⬨⟿40.]

Proceeding by the Bar Association of the City of New York against Alfred B. Osgoodby, an attorney and counselor at law, for professional misconduct. Order of disbarment.

See, also, 155 App. Div. 933, 140 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City, for petitioner.
R. M. S. Putnam, of New York City, for respondent.

PER CURIAM. The respondent, an attorney of some 20 years' standing, has been charged by the Association of the Bar of the City of New York with unprofessional conduct in three particulars. Upon one he has been found guilty by the official referee, upon another

---

⬨⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the official referee has found that the charge has not been sustained by a preponderance of evidence, and upon the third the official referee has accepted as sufficient the respondent's explanation.

The first charge is to the effect that in the year 1906 the respondent was retained by one Kallam to prosecute an action for divorce; that he commenced an action against the wife of said Kallam, in which an order was made allowing the defendant $50 counsel fees and $5 per week alimony; that thereafter, and on or about May 16, 1907, Kallam, the plaintiff in the divorce action, gave to respondent the sum of $60 wherewith to pay the counsel fee and two weeks' alimony awarded to the defendant, and subsequently, for several weeks, remitted the sum of $5 weekly to be paid as alimony. None of these moneys were used by respondent for the purpose for which they were given to him, and no part thereof has ever been returned to Kallam.

[1] The facts recited in this charge are abundantly proven, and are not disputed. The respondent, however, seeks to explain his conduct by alleging that, although Kallam did give him the money necessary to pay the counsel fee and alimony, he at the same time instructed the respondent not to make payment thereof to his wife or her attorneys. The extreme improbability of this explanation is well demonstrated in the report of the official referee, who rejects it, as we also do. In various ways, and by continuous false representations to his client as to the status of the case, and the probability of reaching it for trial, the respondent succeeded in extracting from his client's pockets about $1,000. One consequence of the nonpayment of alimony and counsel fee was that the action was stayed until payment should be made. Notwithstanding this, and the further fact that there was no available evidence upon which to proceed to trial with any hope of success, respondent constantly advised his client that the case would very shortly be reached for trial, and would undoubtedly result in a judgment for plaintiff. In 1908, and again in 1909, he obtained from his client considerable sums to be used in the attempt to compromise his wife's claim for accrued and unpaid alimony, and he swore positively before the official referee that he had approached the wife's attorney with an attempt so to compromise. This was emphatically denied by that attorney and his assistant, both reputable members of the bar. In short, the respondent is shown to have consistently deluded his client, and obtained by false representations a large sum of money, for which no adequate return in services was made.

[2] A further charge against the respondent accuses him of having concealed from the law examiners, at the time of his admission to the bar, the fact that he had been convicted of the crime of devising a scheme to defraud, and of using the mails to effect that object, and that upon such conviction he had been sentenced to imprisonment in the Elmira Reformatory, and had been confined therein pursuant to such sentence. The facts are admitted as charged. The respondent was convicted, and served a term of imprisonment, and he did not inform the examiners or the court at the time of his admission to practice of these facts. His excuse or explanation is that the case

had attracted much attention in the city of Buffalo, where he was admitted, and that he had reason to believe, and did believe, that the examiners and the members of the court must have had the facts in mind when admitting him to practice. This excuse seems to us to be quite inadequate. He had no right to assume that the facts were known. If they had been known to the examiners and justices, as respondent says that he believed they were, he could not have been prejudiced by reminding them of the facts. If they were unknown, or forgotten, as it is at least possible that they might have been, it was respondent's duty to make a frank statement of the facts to those who were about to assume the responsibility of admitting him to membership in an honorable profession.

These two charges against the respondent were clearly proven, and have not been satisfactorily or sufficiently met. Indeed, as to the first charge, the respondent has aggravated his offense by offering an explanation which we have no choice except to regard as untruthful.

In our opinion he is not a fit person to remain a member of the bar, and he is accordingly disbarred.